Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Edmond E. Chang | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 4405 | **DATE** | 6/11/2012 |
| **CASE TITLE** | U.S. ex rel. Donzell Lowe (#R-06986) v. Marcus Hardy, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner has paid the statutory filing fee. Respondent is ordered to answer the petition within 30 days of the date of this order. If Respondent will be arguing denial or dismissal of the petition, Respondent should simply include those arguments in the answer; there is no need to file and notice-up an independent motion. As explained further below, Petitioner's motion for appointment of counsel [#3] is denied without prejudice. On the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. The Clerk is directed to amend the caption of the case to reflect that Marcus Hardy, the warden of Stateville Correctional Center is the proper Respondent. Petitioner's motion for additional time [#4] is denied without prejudice. To track the case, a status hearing is set for 07/23/12 at 8:30 a.m.

■ **[For further details see text below.]**                                    Docketing to mail notices.

## STATEMENT

Donzell Lowe, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 2000 conviction for murder on multiple grounds including prosecutorial misconduct, manifest error, and ineffective assistance of counsel.

Petitioner has paid the statutory filing fee for habeas petitions. Petitioner maintains that he has exhausted state court remedies as to all claims raised in his habeas petition and appears to have filed the petition within the limitations period. Accordingly, Respondent is ordered to answer the petition or otherwise plead within thirty days of the date this order is entered on the Clerk's docket. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness arguments it may wish to present. Additionally, the Clerk is directed to amend the caption of the case to indicate that the proper respondent is Marcus Hardy, the warden of Stateville Correctional Center, where Petitioner is presently incarcerated.

Petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any Court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Petitioner.

**(CONTINUED)**

**STATEMENT (continued)**

Petitioner's motion for appointment of counsel is denied at this time. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the Court has had an opportunity to review and consider Respondent's answer to the petition.

Additionally, on the Court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996), *cert. denied*, 520 U.S. 1171 (1997) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper party.

Finally, Petitioner has submitted a motion seeking more time, R. 4, presumably to amend his petition. The motion is denied without prejudice. Petitioner represents in his motion that he is seeking, from the State, additional information relating to his ineffective assistance of counsel claim. He has made that claim in his petition. If Petitioner receives additional information from the FOIA request directed to the Illinois Attorney General's Office, he may seek leave to amend the petition at that time, to the extent it is necessary and allowable for him to amend his petition. To track the case, a status hearing is set for 07/23/12 at 8:30 a.m.